UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

**RAYMOND EUGENE BASS**                                                                           **PLAINTIFF**

**v.**                                          **CIVIL ACTION NO. 4:23CV-P62-JHM**

**DAVIESS CNTY. DETENTION CENTER**                                        **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

Plaintiff Raymond Eugene Bass filed the instant *pro se* prisoner action under 42 U.S.C. § 1983. The complaint is now before the Court for initial screening pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss Plaintiff's claims and give him an opportunity to file an amended complaint.

**I. SUMMARY OF FACTUAL ALLEGATIONS**

Plaintiff is a convicted inmate at the Daviess County Detention Center (DCDC). He names DCDC as the only Defendant. Plaintiff states as follows:

> On May 1st I the Plaintiff Raymond Eugene Bass spoke with Sgt. Clark who is employed by [DCDC] about employment his response was I wasn't elidgble to go to work at building 3 because I only have 1 arm (I'm not going no where and I have to have 2 arms to go to building 3). I believe I have been discriminated against because I am perfectly capable of working I have been a trustee Henderson County Detention Center. I have multiple witnesses that heard Sgt. Clark tell me I am not eligble to work because of my disability.

As relief, Plaintiff seeks compensatory damages.

**II. STANDARD**

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such

relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III. ANALYSIS

#### A. DCDC

Plaintiff sues DCDC. However, DCDC is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983. *Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 U.S. App. LEXIS 28072, at *2 (6th Cir. Nov. 6, 2000) (holding that a

jail is not an entity subject to suit under § 1983). In this situation, Daviess County is the proper defendant. *Smallwood v. Jefferson Cnty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). In regard to the second component, a municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Plaintiff does not allege that any action taken against him occurred pursuant to a policy or custom of Daviess County. He alleges an isolated incident affecting only him. Accordingly, Plaintiff's claim against DCDC/Daviess County must be dismissed for failure to state a claim upon which relief may be granted.

### B. Opportunity to amend

Before dismissing the action upon initial review, the Court will allow Plaintiff to file an amended complaint to name Sgt. Clark as a Defendant and to sue him in his individual capacity.

*See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the [Prison Litigation Reform Act].").

## IV. CONCLUSION

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Plaintiff's claim against DCDC is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The **Clerk of Court is DIRECTED to terminate** DCDC as a party to the action as no claims remain against it.

**IT IS FURTHER ORDERED** that within **30 days** from the entry date of this Memorandum Opinion and Order, **Plaintiff shall file an amended complaint** suing Clark in his individual capacity. The **Clerk of Court is DIRECTED** to send Plaintiff a copy of page 2 of the Court's § 1983 complaint form with "Amended Complaint" written at the top of the page. Should Plaintiff wish to sue Clark in his individual capacity, he must indicate on page 2 that he is doing so and return the page to the Court within 30 days.

**Plaintiff is WARNED that should he fail to file an amended complaint within 30 days, the action will be dismissed for the reasons stated herein**.

Date: October 6, 2023

*[Signature]*
Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.010

4