UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 4:23-CV-00062

RAYMOND EUGENE BASS                                                        PLAINTIFF

v.

DAVIESS COUNTY DETENTION CENTER                        DEFENDANT

**MEMORANDUM OPINION**

      Plaintiff, Raymond Eugene Bass, filed this *pro se* action. The court conducted an initial screening of this matter pursuant to the Prison Litigation Reform Act, 28 U.S.C. §1915A. *See* 10/06/2023 Memorandum Opinion and Order, DN 07. Upon review, on October 6, 2023, the Court dismissed Plaintiff's claims but gave him the opportunity to file an amended complaint. *Id.* at PageID# 27. The Court then ordered Plaintiff to file an amended complaint within 30 days "from the entry date" of the Court's dismissal order. *Id.* More than 30 days have passed, and Plaintiff has not complied with the Court's Order or taken any other action in this case.

      Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). "[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Id.* "[T]he lenient treatment of *pro se* litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented

litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at 110). Courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

The Court has issued a straightforward Order directing Plaintiff to file an amended complaint and warning him that failure to comply would result in the dismissal of this action. Upon review, the Court finds that Plaintiff's failure to comply with the Court's prior Order warrants the dismissal of this case under Fed. R. Civ. P. 41(b). Therefore, by separate Order, the Court will dismiss the instant action.

Date: November 27, 2023

Charles R. Simpson III, Senior Judge
United States District Court

cc: Plaintiff, *pro se*

2